UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RALPH SANDERS                                                                          PLAINTIFF

V.                                                      CIVIL ACTION NO. 4:11-cv-00010-FKB

GENEVA WESTERFIELD                                                          DEFENDANT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant's  Motion for Summary Judgment (Docket

No. 15).  Having considered the motion and supporting memorandum, and having heard

Plaintiff's testimony at the Spears hearing[1] in this matter, the Court concludes that the motion

should be granted.

This § 1983 action arises out of Plaintiff's two-month incarceration (December 29, 2010

until March 3, 2011) as a pretrial detainee at the Kemper Neshoba Regional Correctional Facility

(KNRCF).  Sanders alleges that Geneva Westerfield, the nurse at the facility, violated his

constitutional rights by failing to treat his hypertension, asthma, and a toothache.  At the hearing,

Plaintiff focused on the fact that Defendant left work on a Friday, without having seen him, even

though he was experiencing numbness in an arm.

Defendant has moved for summary judgment on the basis of qualified immunity.  The

analysis of this defense involves two inquiries: Whether Defendant violated  a clearly established

constitutional right of Plaintiff, and, if so, whether Defendant's conduct was objectively

unreasonable in light of the clearly established law at the time.  Pearson v. Callahan, 555 U.S.

---

[1]The Court held what is known as a "Spears hearing," during which Plaintiff was given
the  opportunity to fully explain his claim against Defendant.  Spears v. McCotter, 766 F.2d 179
(5th Cir. 1985).

223, 232 (2009).   A court may consider these inquiries in any order.  Id. at 236.

A pretrial detainee seeking to recover on a claim for failure to provide medical care must prove that the jail officials acted with deliberate indifference to a substantial risk of serious harm. Mace v. City of Palestine, 333 F.3d 621, 625 (5th Cir. 2003).[2]   To establish deliberate indifference, a prisoner must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 725, 756 (5th Cir. 2001).

Plaintiff's medical records, and his own testimony at the hearing, refute any claim of deliberate indifference on the part of Defendant.   The intake sheet from Plaintiff's initial booking indicates that he suffers from high blood pressure, sinus allergies, and asthma.  Progress notes show that during Plaintiff's stay at KNRCF,  Defendant carefully monitored Plaintiff's blood pressure and that Plaintiff  received  hypertension medication daily.  Although Plaintiff claims to have experienced numbness,  there is no evidence that Defendant was ever made aware of this fact.  Sanders also received prescriptions for Ventolin for treatment of his asthma.  The records indicate that on  February 2, 2011, Sanders went to a dentist, who prescribed medication for a toothache.[3]

---

[2]Unlike the rights of convicted prisoners, the constitutional rights of a pretrial detainee flow from the Fourteenth Amendment's guarantees of due process, not the Eight Amendment's prohibitions against cruel and unusual punishment.  Hare v. City of Corinth, 74 F.3d 633, 638 (5th Cir. 1996).

[3]Sanders testified at the hearing that he refused to go to his follow up dental appointment later in  February because his tooth was not hurting anymore and because Defendant failed to schedule the appointment as soon as she should have.

Defendant confirms in her affidavit (Docket No. 27-2)  that she never denied Sanders medical treatment, that she prepares inmate medications, and that the records of which she is custodian (<u>see</u> Docket No. 27-1)  reflect that Sanders received his medications.

Thus, the undisputed evidence establishes that Defendant provided medical treatment to him.  Plaintiff simply believes that Defendant failed to give him <u>proper</u> treatment.  Plaintiff's dissatisfaction and disagreement with Defendant's treatment of him does not establish a constitutional violation.  <u>See</u> <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997).

For these reasons, the Court concludes that Defendant is entitled to judgment as matter of law.  Defendant's  motion is hereby granted.  A separate judgment will be entered.

SO ORDERED, this the 19th day of March, 2012.

<u>/s/ F. Keith Ball</u>
UNITED STATES MAGISTRATE JUDGE

3